UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEE ROY SERRELL, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JO ANNE B. BARNHART, | § | SA-05-CA-0478 OG (NN) |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:**   Hon. Orlando Garcia
     United States District Judge

### I. Introduction

Plaintiff Leroy Serrell seeks review and reversal of the May 20, 2004 decision by the Administrative Law Judge ("ALJ") determining that plaintiff's Supplemental Security Income Benefits ("SSI") were properly suspended.[1]  Plaintiff contends that ALJ James F. Chapman's conclusion, that plaintiff had resources in excess of $2,000.00, is not supported by the substantial evidence of the record.  For this reason, plaintiff requests that the Court reverse the ALJ's decision and remand the case for further factual development.[2]

After considering plaintiff's brief in support of his complaint,[3] defendant's brief in

---

[1] Docket Entry 7.  **See also** Administrative Transcript ("Transcript") at 13-15.

[2] Docket Entries 1, 7.

[3] Docket Entry 7.

support of the Commissioner's decision,[4] the transcript of the Social Security Administration ("SSA") proceedings, the pleadings on file, the applicable case authority, relevant statutory and regulatory provisions, and the entire record in this matter, it is my recommendation that plaintiff's request for relief be **GRANTED** and the case be remanded for further development of the record.

I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for disposition by order, or to aid in their disposition by recommendation where my authority as a Magistrate Judge is statutorily constrained.

## II. Jurisdiction

The District Court has jurisdiction to review the final decision of the Commissioner of Social Security as provided by 42 U.S.C. § 1383.

## III. Administrative Proceedings

Based on the record in this case, plaintiff fully exhausted his administrative remedies prior to filing this action in federal court. Plaintiff filed his original application for SSI benefits in 1989, and received benefits based on the application.[5] By a letter dated June 24, 2003, SSA notified plaintiff of its intention to review his eligibility for benefits.[6] In conjunction with the review, plaintiff submitted a statement to support his continuing eligibility to receive SSI

---

[4] Docket Entry 8.

[5] Transcript at 82.

[6] Transcript at 42.

benefits. The Commissioner determined that plaintiff was ineligible to receive benefits due to excess resources,[7] and denied plaintiff's request for reconsideration on September 6, 2003.[8] Plaintiff requested a hearing before an ALJ,[9] and the hearing was held on April 23, 2004, in San Antonio, Texas.[10] Louise Edwards, plaintiff's sister, represented plaintiff at the hearing.[11] At the administrative hearing, ALJ Chapman heard testimony from Louise Edwards.[12] The plaintiff did not testify.

The ALJ explained that SSA had determined that plaintiff was ineligible for benefits based on excess resources. The resource of primary concern to SSA was eighteen and a half (18½) acres of land jointly owned by plaintiff and Ms. Edwards.[13]

Ms. Edwards testified that she and plaintiff had inherited the tract of land from their uncle.[14] She explained that the land was not in use[15] and was overgrown with brush, not usable timber.[16] Ms. Edwards testified that neighboring land was in use for cattle grazing.[17] The ALJ

---

[7] Transcript at 13.

[8] Transcript at 60-61.

[9] Transcript at 65.

[10] Transcript at 12, 74, 81.

[11] Transcript at 258.

[12] Transcript at 83-87.

[13] Transcript at 83.

[14] Transcript at 84.

[15] **Id.**

[16] Transcript at 86.

[17] **Id.**

asked Ms. Edwards if she agreed that there was no longer a restriction on the land being sold. Ms. Edwards responded that she never thought about selling the land, but "the paper" says that any restriction has expired.[18]

On May 20, 2004, ALJ Chapman issued his decision in which he concluded that plaintiff had countable resources above the $2,000.00 limit that would make him ineligible for SSI benefits.[19] Specifically, ALJ Chapman found that plaintiff and Ms. Louise Edwards inherited land from a deceased uncle, Mr. Robert Watson.[20] Plaintiff and Ms. Edwards were equal owners of the land, and they stipulated that for ten (10) years they could not sell the land, except to each other.[21] The ALJ found that plaintiff's portion of the land is worth $41,000.00, and therefore, his countable resources are well above the $2,000.00 resource limit to receive SSI benefits.[22]

After receiving notice of the ALJ's unfavorable decision, plaintiff requested review of the hearing decision and order on May 27, 2004.[23] On April 6, 2005, the Appeals Council concluded that there was no basis upon which it could grant plaintiff's request for review, thereby denying plaintiff's request.[24] Plaintiff commenced the present action in this court on May 20, 2005.[25]

### IV. Issue Presented

> Is the ALJ's decision that plaintiff's countable resources exceed the maximum resource limit supported by substantial evidence and

---

[18] Transcript at 85.

[19] Transcript at 13-15.

[20] Transcript at 14.

[21] **Id.**

[22] **Id.**

[23] Transcript at 10 and 8, respectively.

[24] Transcript at 3-6.

[25] Docket Entry 1.

4

does the decision comport with relevant legal standards?

### V. Analysis

**A. Standard of Review**

In reviewing the Commissioner's decision denying benefits, the reviewing court is limited to a determination of whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[26] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[28]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[29] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting judgment for that of the Commissioner.[30] Conflicts in the evidence and credibility assessments

---

[26] **Martinez v. Chater**, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[27] **Villa v. Sullivan**, 895 F.2d 1019, 1021 (5th Cir. 1990) (quoting **Hames v. Heckler**, 707 F.2d 162, 164 (5th Cir. 1983)).

[28] **Abshire v. Bowen,** 848 F.2d 638, 640 (5th Cir. 1988) (quoting **Hames**, 707 F.2d at 164).

[29] **Martinez**, 64 F.3d at 173.

[30] **Ripley v. Chater**, 67 F.3d 552, 555 (5th Cir. 1995); **Villa**, 895 F.2d at 1022 (The court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.).

are for the Commissioner and not for the courts to resolve.[31]

### B. Plaintiff's Allegations of Error

Plaintiff raises two significant claims of error on appeal. First, he contends that the ALJ had a duty to inform him of his right to be represented by counsel at the hearing, and the ALJ failed to perform this duty. Plaintiff claims that he was prejudiced by not being represented by an attorney who was knowledgeable about the importance of proving facts. Plaintiff argues that because he was not represented by counsel, the ALJ had a greater duty to develop the record, and the case should be remanded for such development.

As a second matter, Plaintiff contends that the ALJ's decision is not supported by substantial evidence because ALJ Chapman made several erroneous findings. Plaintiff claims that the ALJ erred in finding (1) the real estate at issue was both deeded to plaintiff and Ms. Edwards and inherited by them; (2) the restriction on the sale of property expired in November 1968; (3) the size of the parcel of land is eighteen and a half (18½) acres; (4) the value of the land is $41,000.00; (5) plaintiff's portion of the land is worth $41,000.00; (6) that plaintiff contended that his portion of the land belonged to his sister and he was unable to sell it; and (7) the value of plaintiff's resources without considering the debts that plaintiff owed.

Defendant responds that plaintiff was on notice of his right to be represented by counsel at the administrative hearing. Furthermore, plaintiff has failed to show that he did not receive a full and fair hearing, and has not shown how he was prejudiced by not being represented by an attorney at the administrative hearing. Therefore, the ALJ did not err by failing to inform plaintiff of his right to counsel. Defendant also argues that even if the ALJ made some errors in

---

[31] **Martinez**, 64 F.3d at 174.

determining the value of plaintiff's interest in the parcel of land, the ALJ's decsion should not be reversed because, based on plaintiff's own calculations, his interest in the parcel exceeds the $2,000.00 resource limit to qualify for benefits.

**1. Did the ALJ err by failing to inform plaintiff in detail of his right to be represented by counsel?**

Congress has provided statutorily for the representation of claimants by attorneys or persons other than attorneys before the Commissioner of Social Security.[32]  This right of representation is effectuated by regulation.  Section 410.684 of Title 20 of the Code of Federal Regulations provides that a party to an action leading to the determination of social security benefits may appoint a qualified representative.  Where the representative is not an attorney, written notice of the appointment, signed by the party appointing the representative and accepted by the representative, must be filed at an office of the Administration, with a hearing examiner, or with the Appeals Council, as the case may be.[33]  The representative may give any request or notice relative to administrative proceedings for social security benefits including reconsideration, hearing and review, and may participate in the proceeding affecting the party that he or she represents by eliciting or presenting evidence.[34]

The Fifth Circuit has held that a social security claimant is entitled to receive notice of his or her right to representation by an attorney throughout the administrative process.[35]  The

---

[32] 42 U.S.C. § 406(a)(1).

[33] 20 C.F.R. § 410.684.

[34] 20 C.F.R. § 410.686.

[35] **Clark v. Schweiker**, 652 F.2d 399, 403 (5th Cir.1981); **Gullet v. Chater**, 973 F.Supp. 614, 620 (E.D. Texas 1997).

claimant must be informed of the type of assistance that an attorney can provide, that he or she could qualify for free representation, of sources for free representation, that any fee charged must be approved by the Bureau of Hearings and Appeals, and that in no event, may the allowable fee exceed twenty-five (25) percent of the amount of the recovery due up to the date of the award.[36]

In this case, the record does not contain a separate written statement signed by plaintiff and accepted by Louise Edwards, stating that plaintiff appointed Ms. Edwards as his representative. Although both plaintiff and Ms. Edwards signed the request for reconsideration of the denial of benefits indicating that Ms. Edwards represented plaintiff,[37] and Ms. Edwards signed plaintiff's request for a hearing by an administrative judge indicating that she was plaintiff's representative,[38] nothing in the record shows that Ms. Edwards was aware of the scope of the duties or responsibilities of a representative. It is far more likely that she was informally assisting her brother with the paperwork. Furthermore, nothing in the record supports a finding that plaintiff received adequate notice of his right to representation by an attorney.

Defendant points to the language contained in the Notice of Reconsideration,[39] the Notice of Hearing,[40] and ALJ Chapman's reference at the hearing that the hearing notice advised

---

[36] **Id.**; **see also Castillo v. Barnhart**, 325 F.3d 550, 552 n. 4 (5th Cir. 2003) (finding that four separate notices sent to the claimant advising her of her right to representation by an attorney and including information concerning fees, free representation, and a list of organizations that plaintiff could contact to obtain free representation, provided adequate notice).

[37] Transcript at 54.

[38] Transcript at 65.

[39] Transcript at 60-61.

[40] Transcript at 68-70.

plaintiff that he had a right to an attorney,[41] as adequate notice of his right to an attorney. However, the reconsideration notice does not identify the assistance that an attorney may provide and does not mention the statutory limit on the fees that may be charged. The notice refers claimants to the social security website and provides telephone numbers to call for questions about SSI or a specific case.[42] The hearing notice explains the procedure for the hearing and the issues that the ALJ will consider. It does not address plaintiff's right to be represented by an attorney or lawyer and neither term appears in the notice. Instead, the notice speaks in general terms of a representative and plaintiff's right to present documents, witness testimony and written statements concerning facts and law.[43] At the hearing, the ALJ referred to the hearing notice stating:

> In our notice of hearing we advised you that you had the right to be represented by an attorney or representative.[44]

This statement does not advise plaintiff that he has a right to an attorney, nor does it provide any of the information that the Fifth Circuit has determined must be relayed to the social security claimant.

Based on the foregoing, plaintiff did not receive adequate notice of his right to representation by an attorney in his benefit claim procedure. The ALJ erred by failing to adequately inform plaintiff of his right to representation by an attorney. Therefore, I recommend that the District Court find that plaintiff did not validly waive his right to an attorney.

---

[41] Transcript at 81.

[42] Transcript at 60-61.

[43] Transcript at 79

[44] Transcript at 81.

9

Defendant claims that plaintiff has not shown that he was prejudiced by his lack of representation by an attorney. For the lack of a valid waiver of representation to warrant remand, a plaintiff must demonstrate that he did not receive a full and fair hearing and that he was prejudiced by lack of counsel.[45] "To establish prejudice, a claimant must show that he 'could and would have adduced evidence that might have altered the result.'"[46]

In this case, plaintiff has met his burden to show that he was prejudiced by the lack of representation by an attorney. Plaintiff has noted numerous factual errors made by the ALJ in his decision. These errors will be discussed in more detail in the next section. An attorney would have been able to assist in the development of the record by questioning Ms. Edwards and plaintiff about the inheritance of the property, their arrangement for paying taxes and other expenses of the property, any outstanding debts that plaintiff owed, and the accuracy of the valuation of plaintiff's interest in the property. Furthermore, an attorney could have counseled plaintiff concerning the gift deed of the property to Ms. Edwards, explained its effect on his countable resources, and advised plaintiff concerning other documents or witnesses that would have helped to fully develop the record.

Accordingly, I recommend that the District Court find that plaintiff has shown that he was prejudiced by lack of representation by an attorney and remand the case for further development of the record.

**2. Is the ALJ's valuation of plaintiff's resources based on substantial evidence and a correct application of the law?**

---

[45] **Clark**, 652 F.2d at 404.

[46] **Brock v. Chater**, 84 F.3d 726, 728 (5th Cir. 1996) (quoting **Kane v. Heckler**, 731 F.2d 1216, 1220 (5th Cir. 1984)).

Plaintiff argues that the ALJ made several factual findings that were not supported by substantial evidence and, therefore, were erroneous. The errors culminated in the ALJ making an incorrect valuation of the parcel of land resulting in the denial of plaintiff's eligibility for SSI benefits. Defendant responds that even if plaintiff is correct about each of the factual errors, the value of the parcel of land still exceeds the maximum amount of allowable resources for plaintiff to receive SSI benefits.

The SSI program, 42 U.S.C. § 1381 *et seq.*, provides assistance benefits to aged, blind, or disabled persons whose monthly income or overall resources do not exceed a specified amount.[47] The applicable amount of countable resources for an individual is $2,000.00.[48] The statute does not define resources, but the regulations give the following definition:

> (a) Resources; defined. For purposes of this Subpart L, resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance.
>
> (1) If the individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse)...[49]

Resources are separated into liquid and nonliquid categories. The regulations explain:

> [l]iquid resources are cash or other property which can be converted to cash within 20 days, excluding certain nonwork days as explained in § 416.120(d). Examples of resources that are ordinarily liquid are stocks, bonds, mutual fund shares, promissory notes, mortgages, life insurance policies, financial institution

---

[47] **See** 42 U.S.C. § 1382 , 20 C.F.R. 416 Subpart D and K (stating the criteria for benefits), and 20 C.F.R. § 416.1205 (providing resource limits).

[48] 42 U.S.C. § 1382(a)(2)(B).

[49] 20 C.F.R. § 416.1201(a)(1).

> accounts (including savings, checking, and time deposits, also known as certificates of deposit) and similar items. Liquid resources, other than cash, are evaluated according to the individual's equity in the resources. (See § 416.1208 for the treatment of funds held in individual and joint financial institution accounts.)[50]

While nonliquid resources are:

> ...property which is not cash and which cannot be converted to cash within 20 days excluding certain nonwork days as explained in § 416.120(d). Examples of resources that are ordinarily nonliquid are loan agreements, household goods, automobiles, trucks, tractors, boats, machinery, livestock, buildings and land. Nonliquid resources are evaluated according to their equity value except as otherwise provided....[51]

The "equity value" of an item is defined as:

> (i) The price that item can reasonably be expected to sell for on the open market in the particular geographic area involved; minus
>
> (ii) Any encumbrances.[52]

Under the statute and the regulations, it is incumbent on the ALJ to determine whether the property at issue is available to the claimant to convert to cash for the use of his or her support.[53] Most importantly, if the claimant's property cannot be liquidated and converted into cash to pay for his or her maintenance, then the property is not considered a resource of the claimant.[54] The underlying purpose of the statutes and regulations is to ensure that the claimant's personal assets

---

[50] 20 C.F.R. § 416.1201(b).

[51] 20 C.F.R. § 416.1201(c)(1).

[52] 20 C.F.R. § 416.1201(c)(2).

[53] **Miranda v. Barnhart**, No. SA-00-CA-1195, 2002 WL 1492202 at *4 (W.D.Tex. March 29, 2002).

[54] 20 C.F.R. § 416.1201(a)(1).

and funds that are readily available to the claimant are used for his or her support before the state intervenes to provide financial support for the claimant.[55]  To achieve this purpose and comply with the statutes and regulations, the ALJ must determine the amount of cash that the sale of the asset will yield to provide support for the claimant.  Only then can a value be assigned to the resource for the purpose of determining the total amount of the claimant's resources.[56]

In this case, ALJ Chapman made findings that are not supported by substantial evidence in the record.  He relied upon his findings to determine the countable resource value of plaintiff's interest in the parcel of land.  Consequently, the ALJ's valuation of plaintiff's interest is not supported by substantial evidence.

The ALJ erred in finding the ten-year restriction on sale of the land by plaintiff expired in November 1968.  Robert Watson's will is dated November 26, 1958.[57]  Robert Watson's date of death is not in the record, nor is the date of the probate of the will.  There is no evidence in the record to support a finding of when the restrictive period ended.  The ALJ must correctly determine when the restriction expired in order to determine if the property can be sold.[58]

The ALJ erred in determining that plaintiff's share of the parcel of land is worth $41,000.00.  The only estimate of the property's value is a statement by a farm loan manager with the Department of Agriculture.[59]  The ALJ's finding assigned the entire estimated value of

---

[55] **Miranda**, 2002 W.L. 1492202 at *4.

[56] **Id.** at *6.

[57] Transcript at 58.

[58] The only inquiry that the ALJ made was to ask Ms. Edwards if she agreed "that you could sell it if you wanted to?"  To which Ms. Edwards replied, "That's what the paper says."  The "paper" to which Ms. Edwards referred is not identified in the hearing transcript.  Transcript at 85.

[59] Transcript at 52.

the land to plaintiff and ignored Ms. Edwards' interest in the property.

More importantly, the ALJ failed to apply the proper legal standard because he did not ascertain the amount of cash that would be available for plaintiff's support upon sale of the property. Such an inquiry would require the ALJ to consider Ms. Edwards' interest in the property along with any other claims that she might have against plaintiff's interest. The ALJ would also need to determine whether Ms. Edwards would be amicable to a sale of the property or whether a partition action would be necessary. The ALJ would also have to consider the cost incurred in selling the property including commissions, taxes, and other expenses (including the expenses in the case of partition action) to determine the amount of cash that would be available for plaintiff's maintenance and support.

The remaining errors argued by plaintiff are of little consequence to the resolution of the case. The fact that the ALJ stated that the land was both deeded to plaintiff and Ms. Edwards and inherited by them does not impact the finding that both have an ownership interest in the property. Likewise, the finding that the will stipulated that plaintiff and Ms. Edwards were "equal owners of 18.5 acres of land" is technically correct, because they along with Etta May Mathias inherited the land "to be shared alike and equally."[60] Subsequent transfers reduced the acreage and increased their ownership shares.[61] However, the transfers did not impact the valuation of the land that plaintiff provided to SSA, because the farm loan manager based her valuation on 13.9 acres.[62] Furthermore, plaintiff supplied the farm loan manager's estimate to the

---

[60] Transcript at 58.

[61] Transcript at 62-63.

[62] Transcript at 52.

SSA, and so cannot object to the ALJ's reliance on the document to determine the value of the whole parcel. Any error in using the estimate speaks to plaintiff's lack of counsel.

Finally, plaintiff may be correct that the ALJ misinterpreted plaintiff's request for reconsideration as containing an assertion that his portion of land belonged to Ms. Edwards,[63] but the decision does not explain what, if any, significance the ALJ placed on this finding. Therefore, plaintiff's charge, that the ALJ, through this error, considered plaintiff to be deceitful, is not supported by the record.

Even though some of plaintiff's allegations of error lack merit or consequence, they do not detract from the finding that the ALJ's valuation of plaintiff's interest in the parcel of land is not supported by substantial evidence. Likewise, these allegations do not affect this Court's determination that the ALJ failed to apply the appropriate legal standard.

Based on the foregoing, I recommend that the District Court find that the ALJ failed to fully develop the record and failed to apply the appropriate legal standard to determine the value of plaintiff's interest in the parcel of land that is available for his maintenance and support. I further recommend that the District Court **GRANT** plaintiff's request for relief.

## VI.  Recommendation

Based on the foregoing, I recommend that plaintiff's request for relief (Docket Entry 1) be **GRANTED**, and this action be **REMANDED** for further proceedings consistent with this Memorandum and Recommendation.

## VII.  Instructions for Service and Notice of Right to Object/Appeal

---

[63] The statement appears to say "the land that's part of my sister[']s." Transcript at 54.

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[64]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[65]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[66]

**SIGNED** on June 30, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[64] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[65] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

[66] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).